**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark C Tarwater,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-21-00124-TUC-JCH<br><br>**ORDER** |

Plaintiff Mark C. Tarwater ("Plaintiff" or "Tarwater") filed this action for review of the final decision of the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). (Doc. 1.) This action was referred to United States Magistrate Judge Lynnette C. Kimmins for Report and Recommendation ("R&R"). (Doc. 12.) On July 1, 2022, Magistrate Judge Kimmins issued her R&R finding that the ALJ did not commit reversible error as to Plaintiff's claims and recommending that this Court deny Plaintiff's appeal. (Doc. 38 at 9.) Plaintiff objected to Judge Kimmins's recommendation. (Doc. 31.) The Commissioner filed his response. (Doc. 32.) As explained below, the Court will **grant in part** Plaintiff's objection and **remand** this matter for further proceedings.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

Tarwater filed an application for Supplemental Security Income ("SSI") in May 2018, alleging disability from February 21, 2018. (Administrative Record ("AR") 249.) He was born in September 1982 and was 35 years of age at the alleged onset date of his

---

[1] No objection has been made to the R&R's Factual and Procedural Background section. (Doc. 31, 32.) Finding no clear error, the Court adopts it in full as set forth below.

disability. (AR 249.) He previously held various short-term jobs, earning $6,000 to $16,000 per year until 2013. (AR 259, 270.) Tarwater's application was denied upon initial review (AR 81-94) and on reconsideration (AR 95-111). A telephonic hearing was held on August 27, 2020. (AR 35-64.) The ALJ found Tarwater had severe impairments of obesity, PTSD, anxiety disorder, major depressive disorder, bipolar disorder, and poly-substance dependence and abuse disorder. (AR 17.) The ALJ concluded that, including Tarwater's substance use, he met a listed impairment and was disabled; however, if he stopped the substance use, the ALJ found he would not meet a listed impairment. (AR 18, 21.) The ALJ determined that, absent substance use, Tarwater had the Residual Functional Capacity ("RFC") to perform work at the medium exertional level, but he was limited to simple, routine, repetitive tasks, no public interaction, and occasional casual interaction with coworkers and supervisors. (AR 22.) The ALJ decided at Step Five, based on the testimony of a vocational expert, that Tarwater could perform the jobs of health[2] worker, janitor, and hand packager. (AR 26.) The Appeals Council denied Tarwater's request for review of that decision. (AR 2.)

## II. STANDARD OF REVIEW

The Court reviews de novo any objected-to portions of the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error any unobjected-to portions of the R&R. *Id. See also, Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

## III. ANALYSIS

Plaintiff raises two issues on appeal: (1) that the ALJ failed to properly evaluate the opinion evidence of treating Nurse Practitioner ("NP") Lisa Robertson; and (2) the RFC failed to account for Plaintiff's moderate limitations in concentration, persistence, and pace. (Doc. 25 at 16-23.)

Regarding the opinion of NP Robertson, Judge Kimmins found that NP Robertson's opinion was not supported by her treating records and that NP Robertson's finding that

---

[2] The ALJ's reference to health worker appears to be a typo. The vocational expert testified that Plaintiff could perform the occupation of warehouse worker. (AR 61.)

Plaintiff was a malingerer was inconsistent with her finding that Plaintiff had moderate and marked limitations. (Doc. 30 at 5-6.) Plaintiff objects to these findings claiming that Judge Kimmins "rubber stamped the decision of the ALJ without showing how the ALJ properly considered the supportability and consistency factors under 20 C.F.R. § 416.920c(b)(2)." (Doc. 31 at 2.) She urges that Judge Kimmins "exceeds her authority and re-weighs the evidence to reach a conclusion . . . that was not explained in the ALJ's decision." *Id.*

Regarding the ALJ's RFC determination, Judge Kimmins found that Plaintiff's case is controlled by *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008), and upon application of *Stubbs-Danielson,* the ALJ's RFC determination was sufficient. (Doc. 30 at 7-9.) Plaintiff objects to this finding. (Doc. 31 at 3.)

**a. The Opinion of NP Robertson**

The Commissioner promulgated revised regulations concerning how ALJs must evaluate medical opinions for claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c. These new regulations, which include 20 C.F.R. § 416.920c(b)(2) relied upon by Plaintiff, apply to the instant claim which was filed in May 2018. Section 416.920c(b)(2), Title 20, Code of Federal Regulations, provides in relevant part:

> (b) How we articulate our consideration of medical opinions and prior administrative medical findings. We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record. Our articulation requirements are as follows:
>
> . . .
>
> (2) Most important factors. The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision . . .
>
> (c) Factors. We will consider the following factors when we consider

>the medical opinion(s) and prior administrative medical finding(s) in your case:
>
>(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
>(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(b)(2).

Plaintiff claims that Judge Kimmins failed to show how the ALJ properly considered both factors of supportability and consistency in evaluating the opinion of NP Robertson. (Doc. 31 at 2.) Other district courts in the Ninth Circuit have recognized that "[b]eyond abrogating the treating physician rule, it is not yet clear how much the new regulations affect other Ninth Circuit principles governing Social Security review, as appeals of decisions governed by the new regulations are only just beginning to reach the district courts." *See Thompson v. Comm'r of Soc. Sec*., No. 2:20-cv-3-KJN, 2012 WL 1907488, at *3 n.3 (E.D. Cal. May 11, 2021). Accordingly, this Court will follow other district courts in finding that longstanding general principles of judicial review still apply to cases filed on or after March 27, 2017. *See Id*. (citations omitted).

>Here, in finding the opinion of NP Robertson unpersuasive, the ALJ determined:
>
>Lisa Robertson, AGNP-C, opined on July 30, 2019, that the claimant had moderate and marked limitations in his mental work-related abilities that were not related to his substance abuse. However, she inconsistently noted that the claimant was a malinger [Exhibit B22F]. The undersigned finds the opinion of Ms. Robertson to be unpersuasive because the extent of the limitations assessed are not supported without substance abuse and the record does support that the claimant is a malingerer. Ms. Robertson does not give a sufficient explanation for her opinion.

(AR 24-25.) Plaintiff argues that Judge Kimmins improperly considered evidence in the

record that was not incorporated into "any of the ALJ's decision of the rejection of NP Robertson's opinion." (Doc. 31 at 2.) However, applying existing Ninth Circuit principles governing Social Security review, Judge Kimmins properly recognized that if NP Robertson's opinion is supported by her treating records, then the ALJ would have erred in rejecting her medical opinion as unsupported. (Doc. 30 at 5, citing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014); *Esparza v. Colvin*, 631 F. App.'x 460, 462 (9th Cir. 2015).) In other words, Judge Kimmins properly consulted the medical evidence of record to determine whether the ALJ's decision to reject NP Robertson's opinion was supported. Accordingly, upon her review of NP Robertson's records of her examination of Plaintiff, Judge Kimmins found that the "normal exams conducted by NP Robertson, which were not focused on [Plaintiff's] mental health impairments, do not support the substantial psychiatric limitation in her opinion." (Doc. 30 at 3-5, citing AR 1952-1954, 2247-2248, 2308, 2968.)

The ALJ also found that NP Robertson "consistently noted that claimant was a malinger[er]." (AR 24.) In her R&R, Judge Kimmins found that "the ALJ cited treatment notes indicating Tarwater reported physical pain and anxiety, but neither was observed by staff; he cited suicidal ideation as the reason for one hospitalization but admitted he went because he had no housing; and some of Tarwater's hospitalizations were related to drug-seeking behavior. (AR 18-20.)" Judge Kimmins thus found that "[t]he ALJ's finding of inconsistency was supported by more than substantial record evidence." (Doc. 30 at 6.)

The Court finds that Judge Kimmins properly applied existing Ninth Circuit principles governing Social Security review. This Court rejects Plaintiff's argument that Judge Kimmins "rubber stamped" the decision of the ALJ and conducted a *post hoc* rationalization of the evidence.

### b.  The RFC Finding

The ALJ found that if Plaintiff were to stop his substance abuse, he has the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c) except that he is limited to simple, routine, repetitive tasks; no public interaction; and occasional casual interaction with coworkers and supervisors. (Doc. 20-3 at 23.) Judge Kimmins found that *Stubbs-*

*Danielson v. Astrue,* controlled and compelled a finding that the ALJ's RFC formulation was sufficiently supported. (Doc. 30 at 8-9.) In his objection, Plaintiff urges that his argument "included an additional prong that was not addressed in *Stubbs-Danielson* which prevents that case from controlling the current set of facts." (Doc. 31 at 3.) He urges that the ALJ's finding that he is moderately limited in concentration, persistence and pace requires the ALJ to explain how his moderate limitation is accounted for with an RFC limitation to simple tasks. *Id*. He also argues that "[a] limitation to simple, routine, repetitive tasks is not completely the same as being limited to simple, 1-to-2 step instruction." *Id*. The Court agrees with Plaintiff his last point of claimed error.

"A number of district courts in [the Ninth] Circuit have reversed ALJ decisions imposing a 'simple, repetitive tasks' RFC limitation where the ALJ failed to address and distinguish conclusions by doctors that claimants can perform one-and-two step instructions." *See Wilson v. Colvin*, No. 16-CV-01971-WHO, 2017 WL 1861839, at *6 (N.D. Cal. May 9, 2017). For example, *Wilson* recognized that *Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1003 (9th Cir. 2015), made clear the distinction between a limitation to one-and-two-step instructions and the ability to perform simple, repetitive tasks. *See Wilson*, 2017 WL 1861839, at *6. As also recognized by *Wilson*, the district court in *Burton v. Berryhill*, No. 15-CV-04991-DMR, 2017 WL 1065140, at *4 (N.D. Cal. Mar. 20, 2017), held "[t]o the extent that the ALJ accepted the opinion that [the p]laintiff is limited to one– and two–step instruction work, the ALJ's RFC assessment does not account for that limitation . . . To the extent that the ALJ rejected that portion of Dr. Bailey's opinion, he erred by failing to provide any reasons for doing so."); *see also Banales v. Berryhill*, No. EDCV 16-1247 AGR, 2017 WL 651941, at *2 (C.D. Cal. Feb. 16, 2017) (remanding where ALJ acknowledged a doctor's functional assessment that claimant could perform one–or two-step instructions, but did not expressly discount that conclusion and instead limited claimant to performing "simple repetitive tasks"); *Garcia v. Colvin*, No. CV 16-00652-JEM, 2016 WL 6304626, at *6 (C.D. Cal. Oct. 27, 2016) ("the ALJ's simple, repetitive tasks RFC limitation is consistent with Dr. Deaver's 'simple, routine non-stressful work' opinion (AR 63) but plainly inconsistent with his 'easy 1, 2 step directions' limitation

which the ALJ decision never mentions. The ALJ necessarily rejected the latter limitation without any explanation as required by Social Security regulations."); *Wells v. Colvin*, No. 1:15-CV-0285-JLT, 2016 WL 4744668, at *8 (E.D. Cal. Sept. 13, 2016) (remanding where ALJ purported to accept doctor's opinion "who reviewed the medical evidence and concluded Plaintiff could 'sustain simple one-two step repetitive tasks," but "did not adopt this limitation in the RFC, instead limiting Plaintiff to "simple, routine, and repetitive tasks."); *cf. Navarro v. Astrue*, No. CV 10-217-PLA, 2010 WL 5313439, at *5 (C.D. Cal. Dec. 16, 2010) (concluding that the "ALJ's determination that plaintiff can do simple work . . . did not adequately encompass" the doctor's conclusion that plaintiff could perform one-and-two step instructions).

Here, the ALJ adopted the opinions of Drs. Person, Kaz and Eblen, and two of these physicians, Drs. Kaz and Eblen, limited Plaintiff to performing simple, one to two step tasks. (Doc. 20-3 at 25 (ALJ decision noting that Dr. Peterson opined the claimant was "capable of simple, repetitive tasks"; that Dr. Kaz opined the claimant was "able to perform simple, 1 to 2 step instructions"; and that Dr. Eblen opined the claimant was "able to perform simple, 1 to 2 step instructions")). The ALJ specifically relied on Drs. Kaz and Eblen's opinions in formulating the RFC limiting Plaintiff to simple, routine, repetitive tasks, yet he failed to account for any distinction between these physicians' limitation of Plaintiff to one to two step tasks and the RFC's limitation simple, routine, repetitive tasks. (Doc. 20-3 at 23-26.) This was error. *See Rounds*, 807 F.3d at 1004 (holding, where the claimant was expressly limited to one to two step tasks and there was no explanation in the record as to why the VE or the ALJ should not have taken this restriction "at face value," the record did not support a conclusion that the ALJ's failure to resolve this apparent conflict was harmless error).

The Court finds the caselaw relied upon by the Commissioner distinguishable. (Doc. 32 at 5-6 n.1.) None of the cases cited by the Commissioner require the Court to depart from the Ninth Circuit's holding in *Round*. *See Corwin v. Kijakazi*, No. 1:20-CV-00394-GSA, 2021 WL 5771658, at *4 (E.D. Cal. Dec. 6, 2021) ("**if** Plaintiff can perform not only simple one to two step tasks **but also** simple and routine tasks, it is appropriate for the RFC

to reflect only the latter") (remanded on other grounds); *Nyberg v. Comm'r of Soc. Sec.*, No. 2:20-CV-0338-DMC, 2021 WL 1295378, at *6 (E.D. Cal. Apr. 7, 2021) (physician opined the most that the plaintiff could do is simple repetitive work with no mention of a limitation to one to two step tasks).

An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006). "[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* at 1056. Here, the RFC was formulated based upon the ALJ improperly equating a one to two step limitation with a simple, routine, repetitive task limitation. Additionally, the RFC was formulated without proper input from VE testimony on a one to two step task limitation. The Court cannot confidently conclude that no reasonable ALJ could have reached a different determination if the identified errors had not occurred.

With harmful error established, the Court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Plaintiff seeks remand. (Doc. 31 at 4.) Remand for further administrative proceedings is appropriate.

### IV.   CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED WITHDRAWING** the reference to the Magistrate Judge (Doc. 12) and **GRANTING IN PART AND REJECTING IN PART** Plaintiff's objection (Doc. 31).

**IT IS FURTHER ORDERED ACCEPTING IN PART AND REJECTING IN PART** the R&R (Doc. 30), **REVERSING** the decision of the Commissioner and **REMANDING** this matter pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment accordingly and close this case.

Dated this 12th day of August, 2022.

_____
Honorable John C. Hinderaker
United States District Judge